UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TOLTEC CONDOMINIUM ASSOCIATION, a Washington Non-Profit Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, a New York Corporation; ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>       Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Toltec Condominium Association (the "Association") alleges as follows:

**I.  INTRODUCTION**

1.1 This is an action for declaratory judgment, bad faith violations, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A) A declaration of the rights, duties, and liabilities of the parties with respect to certain controverted issues under an insurance policy issued to the Association by Defendant American Guarantee and Liability Insurance Company ("AGLIC"). The Association is seeking a ruling that the AGLIC policy provides coverage for hidden damage at the Toltec Condominiums and that AGLIC and Zurich American Insurance Company, as successor in interest to AGLIC

COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

(hereinafter collectively referred to herein as "Zurich"), are liable for money damages for the cost of repairing hidden damage at the Toltec Condominiums.

  (B)  Damages for bad faith and violations of the CPA against Zurich.

  (C)  Attorneys' fees and costs (including expert witness fees) against Zurich.

  (D)  Any other relief the Court deems just and equitable.

## II.  PARTIES AND INSURANCE CONTRACTS

2.1  <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Toltec Condominiums. The Toltec Condominiums consist of two (2) buildings containing eighteen (18) units located in Seattle, Washington.

2.2  <u>AGLIC</u>. AGLIC sold property insurance policies to the Association, including, but not limited to, Policy No. DPP1698954 (12/13/2019 – 12/13/2020), which identified the Toltec Condominiums as covered property. AGLIC is a New York domiciled insurer with its principal place of business in Schaumburg, Illinois. AGLIC is registered and authorized to sell insurance in Washington.

2.3  <u>Zurich American Insurance Company.</u> Zurich American Insurance Company is a New York domiciled insurer with its principal place of business in Schaumburg, Illinois. Zurich American Insurance Company is believed to be the successor in interest to AGLIC.

2.4  <u>Doe Insurance Companies 1–10</u>. Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Toltec Condominiums as covered property.

2.5  <u>Toltec Insurers</u>. AGLIC, Zurich American Insurance Company, and Doe Insurance Companies 1–10 shall be collectively referred to as the "Toltec Insurers."

2.6  <u>Toltec Policies</u>. The policies issued to the Association by the Toltec Insurers shall be collectively referred to as the "Toltec Policies."

///

COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

## III.   JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Toltec Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim occurred in King County; and the insured condominium buildings are located in King County.

## IV.   FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Zurich</u>. On March 3, 2021, the Association tendered an insurance claim to Zurich for recently discovered hidden damage to exterior building components, including sheathing and framing, at the Toltec Condominiums. The Association requested that Zurich investigate for any additional hidden damage at the Toltec Condominiums. The Association also requested that Zurich enter into an agreement tolling the contractual suit limitations provision contained in the AGLIC policy. Zurich failed to enter into a mutually agreeable tolling agreement with the Association.

4.3     <u>Joint Intrusive Investigation</u>. In March 2022, the Association, including its experts at Evolution Architecture ("Evolution"), and the Association's historical insurers, including Zurich, conducted a joint intrusive investigation at the Toltec Condominiums, which revealed system-wide hidden damage to the sheathing and framing.

4.4     <u>Evolution's Findings Report</u>. Following the joint intrusive investigation, Evolution prepared its Building Envelope Investigation Findings Report, dated April 18, 2022. During the joint intrusive investigation, hidden water damage to exterior building components, including sheathing and framing, was observed. It is Evolution's opinion that the primary cause of the hidden damage at the Toltec Condominiums is water intrusion in the form of rainwater events, including wind-driven rain. According to Evolution, hidden damage at the Toltec Condominiums has

COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

occurred incrementally and progressively each year from 1959, and some new damage commenced during each year of the Toltec Policies. It is expected that similar levels of damage would be found at other locations not investigated at the Toltec Condominiums. The Association's experts have opined that the cost to repair the hidden damage at the Toltec Condominiums is in excess of $900,000.00, well over the jurisdictional limit of $75,000.

## V.   FIRST CLAIM AGAINST THE TOLTEC INSURERS: DECLARATORY RELIEF THAT THE TOLTEC POLICIES PROVIDE COVERAGE

5.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2   Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)   That the Toltec Policies cover the hidden damage to exterior building components, including sheathing and framing, at the Toltec Condominiums.

(B)   No exclusions, conditions, or limitations bar coverage under the Toltec Policies.

(C)   That the loss or damage to the Toltec Condominiums was incremental and progressive. New damage commenced during each year of the Toltec Policies.

(D)   As a result, the Toltec Policies cover the cost of investigating and repairing the hidden damage at the Toltec Condominiums.

## VI.   SECOND CLAIM: AGAINST ZURICH FOR INSURANCE BAD FAITH

6.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2   The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its

COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

6.3     The Association requested that Zurich enter into a tolling agreement when it initially tendered its claim on March 3, 2021. Zurich failed to enter into a mutually agreeable tolling agreement with the Association. As a result, the Association has been forced to file suit against Zurich to protect its rights under the AGLIC policy. In failing to enter into a tolling agreement with the Association, Zurich has violated Washington claims handling standards, including, but not limited to, WAC 284-30-330(7): "[c]ompelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy. . .." On information and belief, Zurich has refused to toll with the Association in an attempt to expire the contractual suit limitations provision in the AGLIC policy and foreclose the Association's rights to recover under the policy. As a result, the Association has been forced to initiate this lawsuit against Zurich. On information and belief, Zurich's refusal to toll with the Association and attempt to expire the Association's rights under the AGLIC policy put Zurich's financial interests ahead of the Association's to the Association's detriment.

6.4     Zurich's actions and omissions, including, but not limited to, its refusal to enter into a tolling agreement with the Association constitute a breach of Zurich's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

### VII.    THIRD CLAIM: AGAINST ZURICH FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

7.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.4, above, as if fully set forth herein.

7.2     Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, Zurich's conduct was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Zurich's violations, the Association has been damaged in an amount to be proven at trial.

COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## VII.   PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

8.1   <u>Declaratory Judgment Regarding Coverage</u>. A declaratory judgment that the Toltec Policies provide coverage as described herein.

8.2   <u>Money Damages.</u> For money damages in an amount to be proven at trial.

8.3   <u>Attorneys' Fees and Costs of Suit</u>. For reasonable attorneys' fees and costs (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

8.4   <u>CPA Penalties.</u>  For CPA penalties against Zurich of up to $25,000 per violation.

8.5   <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## X.   DEMAND FOR JURY TRIAL

9.1   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dated the 18th day of August, 2022.

**STEIN, SUDWEEKS & STEIN, PLLC**

<u>/s/ *Jerry H. Stein*</u>
<u>/s/ *Justin D. Sudweeks*</u>
<u>/s/ *Daniel J. Stein*</u>
<u>/s/ *Jessica R. Burns*</u>
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
Jessica R. Burns, WSBA #49852
16400 Southcenter Parkway, Suite 410
Tukwila, WA 98188
Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
Email: jessica@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
*Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660