HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

TOLTEC CONDOMINIUM ASSOCIATION,

    Plaintiffs,

    v.

AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, et al,

    Defendants.

Case No. 2:22-cv-01161-RAJ

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to File a First amended complaint. Dkt. # 15. The Court **GRANTS** the motion.

## I.  BACKGROUND

Plaintiff alleges that Defendants wrongly denied claims for insurance coverage related to damage occurring at the Toltec Condominiums. Plaintiff seeks to amend its complaint to add breach of contract and IFCA claims. Dkt. # 15 at 3-4.

## II.  LEGAL STANDARD

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " *AmerisourceBergen Corp.*

ORDER – 1

*v. Dialysis West, Inc.,* 464 F.3d 946, 951 (9th Cir. 2006) (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.' " *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group*, Inc., 170 F.3d 877, 880 (9th Cir. 1999)). Because leave to amend should be freely given, "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (9th Cir. 1986). Thus, all inferences must be drawn in favor of the moving party. *Griggs*, 170 F.3d at 880.

### III. DISCUSSION

Given the early stage of this litigation, the Court finds it appropriate to permit Plaintiff to amend his complaint. *See Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (noting that prejudice in the context of a motion to amend means a party was substantially disadvantaged or deprived of the opportunity to present facts or evidence that it could have with a timely amendment). Notably, discovery has not substantially started and there was no undue delay by Plaintiff in bringing the motion. Furthermore, there is no indication of bad faith on Plaintiff's part. To the extent the amended pleading prejudices some Defendants, the Court finds that the prejudice would be minimal.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion. Dkt. # 15.

DATED this 18th day of October, 2023.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 2